1  MICHELLE B. HEVERLY, Bar No. 178660
   mheverly@littler.com
2  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 W. San Fernando, 15th Floor
   San Jose, CA  95113.2303
5  Telephone:    408.998.4150
   Facsimile:    408.288.5686
6
   Attorneys for Defendant
7  AVNET, INC.

8  ALAN ADELMAN, Bar No.  170860
   alan@alanadelmanlaw.com
9  LAW OFFICES OF ALAN ADELMAN
   240 Stockton Street, 9th Floor
10 Union Square
   San Francisco, California  94108
11 Telephone:    (415) 956-1360
   Facsimile:    (415) 625-1339
12
   Attorney for Plaintiff
13 KRISTOPHER SPYRKA

14

15               UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                    SAN JOSE DIVISION

18 KRISTOPHER SPYRKA,                  | Case No.  C 09-03584 RMW

19              Plaintiff,             | **STIPULATED PROTECTIVE ORDER RE:**
                                       | **DISCOVERY**
20      v.

21 AVNET, INC.,

22              Defendant.

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)

1   1.      PURPOSES AND LIMITATIONS

2           Disclosure and discovery activity in this action are likely to involve production of

3   confidential, propriety, or private information for which special protection from public disclosure

4   and from use for any purpose other than prosecuting this litigation would be warranted.

5   Accordingly, the parties acknowledge that this Order does not confer blanket protections on all

6   disclosures or responses to discovery and that the protection it affords extends only to the limited

7   information or items that are entitled under the applicable legal principles to treatment as

8   confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

9   Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule

10  79-5 sets forth the procedures that must be followed and reflects the standards that will be applied

11  when a party seeks permission from the court to file material under seal.

12  2.      DEFINITIONS

13          2.1     Party:  any party to this action, including all of its officers, directors, employees,

14  consultants, retained experts, and Outside Counsel (and their support staff).

15          2.2     Disclosure or Discovery Material: all items or information, regardless of the medium

16  or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

17  tangible things) that are produced or generated in disclosures or responses to discovery in this

18  matter.

19          2.3     "Confidential" Information or Items: information (regardless of how generated, stored

20  or maintained) or tangible things that qualify for protection under standards development under

21  F.R.Civ.P. 26(c).

22          2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely

23  sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

24  create a substantial risk of serious injury that could not be avoided by less restrictive means.

25          2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a

26  Producing Party.

27          2.6.    Producing Party: a Party or non-party that produces Disclosure or Discovery Material

28  in this action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando. 15th Floor
San Jose, CA  95113 2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)                2.

2.7.   <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.9.   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10.   <u>House Counsel</u>: attorneys who are employees of a Party.

2.11.   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staff).

2.12.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Part or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION AND USE</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)                    3.

1    5.      DESIGNATING PROTECTED MATERIAL

2           5.1.    Exercise of Restraint and Reasonable Care in Designating Material for Protection.

3    Each Party or non-party that designates information or items for protection under this

4    Stipulation and Order must take reasonable care to limit any such designation to specific material

5    that qualifies under the appropriate standards. A Designating Party must take reasonable care to

6    designate for protection only those parts of material, documents, items, or oral or written

7    communications that qualify — so that other portions of the material, documents, items, or

8    communications for which protection is not warranted are not swept unjustifiably within the ambit of

9    this Order.

10          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

11   to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

12   encumber or retard the case development process, or to impose unnecessary expenses and burdens

13   on other parties), expose the Designating Party to sanctions.

14          If it comes to a Party's or a non-party's attention that information or items that it designated

15   for protection do not qualify for protection at all, or do not qualify for the level of protection initially

16   asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

17   mistaken designation.

18          5.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulation

19   and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

20   ordered, material that qualifies for protection under this Stipulation and Order must be clearly so

21   designated before the material is disclosed or produced.

22          Designation in conformity with this Order requires:

23          (a)     for information in documentary form (apart from transcripts of depositions or

24   other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at

25   the top or bottom of each page that contains protected material. If only a portion or portions of the

26   material on a page qualifies for protection, the Producing Party also must clearly identify the

27   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

28   each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)                    4.

1    CONFIDENTIAL – ATTORNEY'S EYES ONLY").

2          A Party or non-party that makes original documents or materials available for

3    inspection need not designate them for protection until after the inspecting Party has indicated which

4    material it would like copied and produced.  During the inspection and before the designation, all of

5    the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

6    ATTORNEY'S EYES ONLY".  After the inspecting Party has identified the documents it wants

7    copied and produced, the Producing Party must determine which documents, or portions thereof,

8    qualify for protection under this Order, then, before producing the specified documents, the

9    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL – ATTORNEY'S EYES ONLY") at the top or bottom of each page that contains

11   Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

12   the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

13   markings in the margins) and must specify, for each portion, the level of protection being asserted

14   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY").

15          (b)    for testimony given in deposition or in other proceedings, that the Party or

16   non-party offering or sponsoring the testimony identify on the record, before the close of the

17   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

18   the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  When

19   it is impractical to identify separately each portion of testimony that is entitled to protection, and

20   when it appears that substantial portions of the testimony may qualify for protection, the Party or

21   non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

22   deposition or proceeding is concluded) a right to have up to 20 days after the date of mailing of the

23   final transcript to identify the specific portions of the testimony as to which protection is sought and

24   to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEY'S EYES ONLY".)  Only those portions of the testimony that are

26   appropriately designated for protection within the 20 days shall be covered by the provisions of this

27   Stipulated Protective Order.

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998 4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)                    5.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to conspicuously on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions. Specify whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA. 95113-2303
408 998 4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO. C 09-03584 RMW)                    6.

1   for the Designating Party. In conferring, the challenging Party must explain the basis for its belief

2   that the confidentiality designation was not proper and must give the Designating Party an

3   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

4   designation is offered, to explain the basis for the chosen designation. A challenging Party may

5   proceed to the next stage of the challenge process only if it has engaged, or in the event of non-

6   cooperation attempted to engage, in this meet and confer process first.

7       6.3.   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

8   designation after considering the justification offered by the Designating Party may file and serve a

9   motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5) that identifies the

10  challenged material and sets forth in detail the basis for the challenge.  Each such motion must be

11  accompanied by a competent declaration that affirms that the movant has complied with the meet

12  and confer requirements imposed in the preceding paragraph and that sets forth with specificity the

13  justification for the confidentiality designation that was given by the Designating Party in the meet

14  and confer dialogue.

15      The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

17  question the level of protection to which it is entitled under the Producing Party's designation.

18  7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

19      7.1.   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

20  produced by another Party or by a non-party in connection with this case only for prosecuting,

21  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

22  the categories of persons and under the conditions described in this Order.  When the litigation has

23  been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL

24  DISPOSITION).

25      Protected Material shall be stored and maintained by a Receiving Party at a location and in a

26  secure manner that reasonably ensures that access is limited to the persons authorized under this

27  Order.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:                    7.
DISCOVERY (NO.  C 09-03584 RMW)

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)   the Court and its personnel;

(e)   court reporter, their staffs, and professional vendors to whom disclosures is reasonably necessary for this litigation;

(f)   during their depositions, witnesses in the action to whom disclosures is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(g)   the author of the document or the original source of the information.

7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)

8.

1  the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

2             (c)      experts (as defined in this Order) of the Receiving Party to whom disclosure is

3  reasonably necessary for this litigation and who have signed the "Agreement to be Bound by

4  Protective Order" that is attached hereto as Exhibit A;

5             (d)      the Court and its personnel;

6             (e)      court reporter, their staffs, and professional vendors to whom disclosures is

7  reasonably necessary for this litigation;

8             (f)      the author of the document or the original source of the information.

9  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10  LITIGATION.

11         If a Receiving Party is served with a subpoena or an order issued in other litigation that

12  would compel disclosure of any information or items designated in this action as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

14  Receiving Party shall notify the Designating Party, in writing (by fax, if possible) promptly and in no

15  event more than three court days after receiving the subpoena or order but before the scheduled date

16  for production. Such notification shall include a copy of the subpoena or court order.

17         The Receiving Party shall also immediately inform in writing the Party who caused the

18  subpoena or order to issue in the other litigation or proceeding that some or all the material covered

19  by the subpoena or order is the subject to this Protective Order.  In addition, the Receiving Party

20  must deliver a copy of this Protective Order promptly to the Party in the other action that caused the

21  subpoena or order to issue.

22         The purpose of imposing these duties is to alert the interested parties to the existence of this

23  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

24  confidentiality interests in the court from which the subpoena or order issued.  The Designating

25  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

26  material — and nothing in these provisions should be construed as authorizing or encouraging a

27  Receiving Party in this action to disobey a lawful directive from another court.

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113-2303
408 998 4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)                    9.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 795-5.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days (60) after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113-2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)                    10.

1  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

2  12.     MISCELLANEOUS

3       12.1.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek

4  its modification by the Court in the future.

5       12.2.   Right to Assert Other Objections. By stipulating to the entry of this Protective Order

6  no Party waives any right it otherwise would have to object to disclosing or producing any

7  information or item on any ground not addressed in this Protective Order. Similarly, no Party waives

8  any right to object on any ground to use in evidence of any of the material covered by this Protective

9  Order.

10  Dated: ~~January~~ Feb 1 , 2010

11

12

13  MICHELLE B. HEVERLY
14  LITTLER MENDELSON
    A Professional Corporation
15  Attorneys for Defendant
    AVNET, INC.

16  Dated: ~~January~~ / , 2010
17       February

18  ALAN ADELMAN
19  LAW OFFICES OF ALAN ADELMAN
    Attorneys for Plaintiff
20  KRISTOPHER SPYRKA

21

22  **IT IS SO ORDERED.**

23

| DATED: | February 2, 2010 | |
|---|---|---|
| | | U.S. 1XXXXXXXXX t Judge |
| | | Magistrate |

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name],

of _____ [print or type full company name and address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United Stated District Court of the Northern District of

California on _____ [date] in the case of *Kristopher Spyrka v. Avnet, Inc.* Case No. C09-

03584 RMW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this  Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United Stated District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

Signature: _____

Firmwide:93776266.1 063603.1001

STIPULATED PROTECTIVE ORDER RE:
DISCOVERY (NO.  C 09-03584 RMW)

12.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150